Filed 7/14/22  P. v. Townsend Street Gang CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE ex rel. TODD SPITZER, as District Attorney, etc.<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TOWNSEND STREET GANG,<br><br>    Defendant;<br><br><br>CARLOS GODINEZ-SANCHEZ,<br><br>    Real Party in Interest and Appellant. | G060293<br><br>(Super. Ct. No. 30-2014-00727728)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Franz E. Miller and Layne H. Melzer, Judges.  Affirmed.

Sean Garcia-Leys for Real Party in Interest and Appellant.

Todd Spitzer, District Attorney, and John R. Maxfield, Deputy District Attorney, for Plaintiff and Respondent.

Appellant and real party in interest Carlos Godinez-Sanchez challenges an order denying his motion to dissolve an injunction against the Townsend Street gang (TSG) that prohibits its members from engaging in certain criminal and nuisance activities. Appellant contends his motion should have been granted because TSG is not a proper jural entity over which the courts have jurisdiction. We disagree and affirm the trial court's ruling.

PROCEDURAL BACKGROUND

In June 2014, the Orange County District Attorney (OCDA), respondent herein, filed a complaint against TSG for injunctive relief on the basis the gang constituted a public nuisance under California law. (See Pen. Code, § 186.22a; Civ. Code, §§ 3479, 3480.) The complaint sought to enjoin TSG members from engaging in a wide range of activities within a .39 square mile area of Santa Ana described as the safety zone. No individual members of the gang were named as defendants in the lawsuit, but in the body of the complaint 29 individuals (not including appellant) were identified as suspected members of TSG. The complaint also alleged TSG was an unincorporated association under Code of Civil Procedure section 369.5, which renders such entities subject to legal process.

When no one appeared on behalf of TSG to oppose the complaint, the trial court issued a default judgment, followed by a preliminary injunction in August 2014, and a permanent injunction five months later. The permanent injunction states it applies broadly to any member or associate of TSG whose membership is more than nominal or passive. However, the OCDA has taken a cautious approach toward enforcement of the injunction. Rather than deciding for himself who is subject to its terms, the OCDA has left that question to the courts. In the interest of due process, his position has been that suspected TSG members are entitled to a judicial "predeprivation" hearing, and only those persons who are found to be active participants in the gang are bound by the injunction. (See generally *Vasquez v. Rackauckas* (9th Cir. 2013) 734 F.3d 1025 [due

2

process requires some type of predeprivation procedure before a gang injunction can be legally enforced against nonparties]; *People v. Sanchez* (2017) 18 Cal.App.5th 727 [same].)

With that in mind, the OCDA filed a motion for a predeprivation hearing with respect to appellant in March 2020.[1] In response to the motion, appellant's attorney filed a counter-motion to dissolve the injunction and dismiss the case for lack of jurisdiction, pursuant to Code of Civil Procedure section 532. Counsel argued, "This entire action rests on the premise [TSG] is an unincorporated association, and as such, is amenable to suit in civil court. However, the statutory definition of an unincorporated association [in] Corporations Code section 18035 . . . unambiguously excludes criminal organizations by making a 'common lawful purpose' an element of the definition. According to the [OCDA's] own arguments and allegations, [TSG] is a criminal organization not formed for a lawful purpose. Because the OCDA did not plead any basis for personal jurisdiction other than to claim [TSG] is an unincorporated association, this case must be dismissed for lack of a cognizable defendant."

The trial court disagreed. It ruled that even if TSG was not formed for a lawful purpose, and was thus not an unincorporated association within the meaning of Corporations Code section 18035, the gang was still subject to the court's jurisdiction as an unincorporated association under Code of Civil Procedure section 369.5. It denied appellant's motion to dissolve the injunction on jurisdictional grounds. Appellant timely appealed that ruling, and all proceedings in the trial court have been stayed pending resolution of his appeal.

---

[1] The law enforcement affidavits submitted in support of the motion include a compendium of information relating to alleged criminal activity by appellant that respondent has included in his brief to this court. Although this information is part of the appellate record, we agree with appellant it is not germane to the narrow legal issue presented in this appeal. Therefore, we need not recount it in the opinion.

3

DISCUSSION

Appellant reiterates his jurisdictional argument, claiming TSG is not a legally cognizable defendant due to the fact it was formed for illegal purposes. Although appellant does not request an end to the OCDA's injunction program, he contends gang injunctions can only be issued when the underlying complaint is brought against individual gang members, and not the gang itself. We cannot agree. "The ultimate issue of whether an exercise of jurisdiction is fair and reasonable is a legal determination subject to de novo review on appeal." (*Aquila v. Superior Court* (2007) 148 Cal.App.4th 556, 568.) Exercising our independent judgment on the issue, we find TSG was properly named as a defendant in this case, and there is no basis to dissolve the injunction against it for lack of jurisdiction.

Before addressing the merits of appellant's argument, we first take up respondent's procedural objections to the appeal. He asserts appellant forfeited his right to challenge the injunction on appeal by failing to move to set it aside pursuant to Code of Civil Procedure section 473, subdivision (d).[2] Respondent cites *People ex rel. Reisig v. Broderick Boys* (2007) 149 Cal.App.4th 1506 (*Broderick Boys*) for support, but the court's discussion of section 473 in that case was limited to the issue of standing. (*Id*. at pp. 1516-1518.) There is nothing in the opinion that suggests a section 473 motion is a prerequisite for challenging the validity of an injunction on appeal. Rather, the opinion makes clear a person can utilize a wide variety of remedies to attack an injunction on jurisdictional grounds. (*Id*. at p. 1518.) We are satisfied appellant preserved his right to challenge the injunction against TSG by seeking to dissolve it pursuant to Code of Civil Procedure section 532.

_____

[2] That section provides, "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order." (Code Civ. Proc., § 473, subd. (d).)

4

Under that section, a person may move to dissolve an injunction if it was granted without notice to him or her.  (Code Civ. Proc., § 532, subd. (a).)  Respondent does not dispute the injunction against TSG was granted without notice to appellant.  Yet, he maintains appellant failed to satisfy any of the criteria for dissolution set forth in Code of Civil Procedure section 533.  Namely, "that there has been a material change in the facts upon which the injunction . . . was granted, that the law upon which the injunction . . . was granted has changed, or that the ends of justice would be served by" dissolving the injunction.  (Code Civ. Proc., § 533.)

In response, appellant asserts it would be patently unjust to subject him to the injunction when he had no connection to the case when the injunction was issued.  Indeed, appellant insists due process and fundamental fairness require the naming of individual defendants when the government seeks a gang injunction, so those persons have the opportunity to challenge the injunction before it is issued, which is something appellant did not have the chance to do in this case.  This argument implicates the merits of the appeal, to which we now turn.

Appellant's position is premised on the theory that the Corporations Code's definition of an unincorporated association is controlling for purposes of determining whether TSG was properly named as a defendant in the underlying complaint.  Even if that were true, it would not carry the day for appellant, but, for the reasons explained below, we do not subscribe to appellant's view that the jurisdictional issue in this case depends entirely on a single definition set forth in the Corporations Code.

Title 3 of that code pertains to unincorporated associations, which is what the OCDA alleged TSG was for jurisdictional purposes in this case.  As part of that title, an unincorporated association is defined in section 18035 as "an unincorporated group of two or more persons joined by mutual consent *for a common lawful purpose*, whether organized for profit or not."  (Corp. Code, § 18035, subd. (a), italics added.)  Appellant claims TSG does not fall within this definition because the OCDA alleged it was a

5

criminal street gang whose primary activities consist of an assortment of criminal offenses, and the law enforcement affidavits offered in support of the injunction detailed an array of unlawful conduct by TSG members.

However, in its complaint, the OCDA alleged TSG members *also* "join together for social, recreational, profit and other common purposes," which is why the injunction prohibits both unlawful conduct and such commonplace activities as standing, biking or driving with another TSG member in the designated safety zone. Thus, it is not altogether clear that TSG is outside the scope of an unincorporated association as defined by Corporations Code section 18035.

Moreover, there is another provision in Title 3 of the Corporations Code that casts doubt on the applicability of section 18035 in this case, that being section 18000. Section 18000 states, "Unless the provision or context otherwise requires, the definitions in this chapter govern the construction of this title." This indicates the definition of an unincorporated association in section 18035 has limited application and was primarily intended to control only when construing the provisions of Title 3. (*People ex rel. Totten v. Colonia Chiques* (2007) 156 Cal.App.4th 31, 40 (*Colonia Chiques*).)

This limitation is important because in invoking jurisdiction over TSG in this case, the OCDA relied on Code of Civil Procedure section 369.5, which is outside the Corporations Code altogether. Pursuant to that section, "A partnership or other unincorporated association, whether organized for profit or not, may sue and be sued in the name it has assumed or by which it is known." (Code Civ. Proc., § 369.5, subd. (a).) For purposes of this provision, "The criteria applied to determine whether an entity is an unincorporated association are no more complicated than (1) a group whose members share a common purpose, and (2) who function under a common name under circumstances where fairness requires the group be recognized as a legal entity." (*Barr v. United Methodist Church* (1979) 90 Cal.App.3d 259, 266 (*Barr*).)

These criteria have been found to apply to groups that are operating as a criminal enterprise. (See, e.g., *Martin v. Mundo* (D.C. Cal. 2021) [U.S. Dist. LEXIS 36665] [religious group engaged in systematic sexual trafficking and abuse was properly sued as an unincorporated association].) In fact, in *Colonia Chiques, supra*, the court addressed this very issue and held a criminal street gang qualified as an unincorporated association capable of being sued under Code of Civil Procedure section 369.5. We find the analysis in that case compelling authority for upholding the injunction that was issued against TSG in this case.

*Colonia Chiques* involved a challenge to an injunction that was issued against a criminal street gang in Ventura County that was known by that name. The challengers argued the injunction was jurisdictionally flawed because it was issued against the Colonia Chiques gang itself and not its individual members. In particular, they alleged – as appellant does here – that a criminal street gang is not "'a distinct jural entity [] capable of [] being sued as an unincorporated association.'" (*Colonia Chiques, supra,* 156 Cal.App.4th at p. 38.)

In rejecting that argument, the *Colonia Chiques* court determined that in light of the limiting language set forth in Corporations Code section 18000 (discussed above), the definition of an unincorporated association in Corporations Code section 18035 was not controlling for purposes of deciding whether such an entity could be sued under Code of Civil Procedure section 369.5. Therefore, it was immaterial whether the Colonia Chiques gang was formed for a lawful purpose within the meaning of the Corporations Code. (*Colonia Chiques, supra,* 156 Cal.App.4th at pp. 39-40.)

*Colonia Chiques* also pointed out the California Supreme Court has indicated it is permissible to obtain injunctive relief against a criminal street gang as a distinct jural entity if its members are responsible for the conditions giving rise to such relief. Indeed, in *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090 (*Acuna*) the Supreme Court stated that even though the injunction in that case was issued against

7

individual gang members, "the City *could* have named the gangs themselves as defendants and proceeded against them[.]" (*Id*. at p. 1125.) Although this statement was technically dicta, since the *Acuna* case turned largely on First Amendment issues and issues related to the permissible scope of the injunction, the *Colonia Chiques* court found it to be persuasive authority on the issue of whether a criminal street gang can be sued as a separate entity for the unlawful activities of its members. (*Colonia Chiques,* 156 Cal.App.4th at p. 39, fn. 6.) So do we.

The *Colonia Chiques* court also found it significant that under the STEP Act (Pen. Code, §§ 186.20-186.33), the state is authorized to obtain money damages against a gang whose members create a nuisance, and the fruits of a gang's criminal activity are subject to judicial forfeiture. (*Colonia Chiques, supra,* 156 Cal.App.4th at pp. 40-41.) Given those remedies, *Colonia Chiques* believed it would "border on absurdity" to conclude the Legislature intended to make gangs immune from being sued as separate entities under Code of Civil Procedure section 369.5 based on how the Corporations Code happened to define unincorporated associations. (*Id*. at p. 41; see generally *City of Hesperia v. Lake Arrowhead Community Services Dist.* (2019) 37 Cal.App.5th 734, 758-759 and cases cited therein [although it is sometimes permissible to rely on the meaning of a word in one statute to ascertain the meaning of the same word in a different statute, that is generally not the case when the two statutes appear in entirely different codes].)

We share this belief. Granting gangs such immunity would clearly undermine the Legislature's goal of deterring criminal gang activity. Penal Code section 186.21 explicitly sets out the Legislature's intent in passing the STEP Act as eradicating gang crimes "by focusing upon patterns of criminal gang activity and upon the organized nature of street gangs, which together, are the chief source of terror created by street gangs." We therefore decline appellant's invitation to construe the Corporations Code as a bar to the injunction that was issued against TSG in this case.

Appellant insists such a construction is warranted based on the Third District's opinion in *Broderick Boys, supra*, 149 Cal.App.4th 1506. There, several alleged members of the Broderick Boys gang moved to set aside an injunction that was issued against that gang. The central issue presented was whether the gang was an unincorporated association *for purposes of service* under Corporations Code section 18220. (*Id*. at p. 1520.) Because that section is housed in Title 3 of the Corporations Code, the court logically looked to the definition of an unincorporated association contained in Corporations Code section 18035 in deciding whether the service provided in that case was adequate. (*Id*. at p. 1521.) Ultimately, the court held the service was defective because the evidence established the Broderick Boys were formed wholly for unlawful purposes and therefore did not constitute an unincorporated association within the meaning of that section. (*Id*. at pp. 1521-1522.)

Appellant attempts to extend that holding to this case. But this case does not involve any issues relating to the service of process, which was the pivotal issue in *Broderick Boys*. Instead, it relates to whether TSG is a jural entity subject to being sued in its own right. As we have explained, that issue is governed by Code of Civil Procedure section 369.5, not the Corporations Code. Accordingly, the holding in *Broderick Boys* has little utility in this case. In fact, since the time the *Broderick Boys* decision was handed down, the Third District has acknowledged its ruling in that case is limited to the service of process issue presented therein and is contextually distinct from the jurisdictional question presented here. (*People ex. rel. Reisig v. Acuna* (2017) 9 Cal.App.5th 1, 39.)

Despite this, appellant would have us hold the legislative history of Corporations Code section 18035 compels the conclusion that criminal street gangs cannot be sued in their own right. As appellant rightly notes, that section was derived from former Corporations Code section 24000, which was enacted in 1967. (See Stats. 1967, ch. 1324, § 6, p. 3153; *Barr, supra*, 90 Cal.App.3d at p. 265.) At that time, the

9

statute defined unincorporated associations without regard to the legality of their purpose. (*Ibid.*; see also *Colonia Chiques, supra,* 156 Cal.App.4th at p. 39.) But when the Legislature replaced section 24000 with section 18035 as part of its reorganization of the Corporations Code in 2004, the lawful purpose requirement was added to the definition. (Stats. 2004, ch. 178, §§ 10, 17.)

Appellant argues the Legislature did this to align the Corporations Code with the 1996 Uniform Unincorporated Nonprofit Association Act (UUNAA) as part of an intentional effort to prevent illegal organizations from being sued as unincorporated associations. The Legislature did rely on the UUNAA in deciding how to reorganize the Corporations Code in 2004. (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 1746, June 1, 2004 (2003-2004 Reg. Sess.).) More specifically, the Legislature relied on recommendations from the California Law Revision Commission as to which provisions of the UUNAA were worthy of adoption in California. (See Recommendations: Unincorporated Associations (Sept. 2003) 33 Cal. Law Revisions Com. Rep. 729 (Recommendations).) But there is nothing in the UUNAA or the Recommendations that speaks to whether unincorporated associations must be formed for a legal purpose or whether illegal organizations are amenable to being sued in civil court.

Those two sources do contemplate, however, that courts will often have to look to other statutory provisions – outside the UUNAA and the Corporations Code – in deciding issues pertaining to unincorporated associations. (UUNAA, *supra*, § 2 and accompanying comment, p. 9; Recommendations, *supra*, at pp. 735, 751.) This indicates the recommendations the Legislature adopted in modifying the Corporations Code in 2004 were intended as default rules to apply in the absence of other governing authority. They were not intended to replace the well-established rules respecting when an unincorporated association may be sued under Code of Civil Procedure section 369.5. (See generally Recommendations, *supra*, at p. 779 [stating the creation of Corporations Code section 18035, subdivision (a) was not intended as a substantive change to the

10

previous law contained in section 24000]; UUNAA, *supra*, § 7 and accompanying comment, p. 20 [recognizing the UUNAA's provisions regarding an unincorporated association's capacity to be sued may be superfluous in light of existing states laws on that issue].)

In arguing Corporations Code section 18035 controls whether a particular group or organization can be sued as an unincorporated association under Code of Civil Procedure 369.5, appellant also emphasizes the fact that the predecessors to those two statutes were both enacted as part of a single bill. (See Stats. 1967, ch. 1324, § 6 [adding former Corp. Code, § 24000] and § 1 [adding former Code of Civ. Proc., § 388].) Appellant sees this as proof the two statutes were intended to be interpreted in conjunction with one another. However, there is nothing in the legislative history of these two provisions that dictates strict adherence to the Corporations Code's definitions in determining whether a group constitutes a jural entity for purposes of being subject to civil suit. To the contrary, it appears the Legislature intended to limit the reach of those definitions by passing Corporations Code section 18000, which was enacted as part of the very same bill that added the lawful purpose requirement to Corporations Code section 18035. (See Stats. 2004, ch. 178, § 10.) We therefore conclude that requirement is not controlling in this case. (See also Recommendation and Study relating to Suit By or Against an Unincorporated Association (Oct. 1966) 8 Cal. Law Revisions Com. Rep. 901, 940 ["There should be no limitation on the kinds of associations that may sue and be sued."].)

That brings us to appellant's due process argument. He asserts it is fundamentally unfair to permit the state to sue criminal street gangs for injunctive relief because no one can appear in court on behalf of a criminal organization to defend its interests. However, appellant was only 14 years old when this case arose, and there is no evidence he was active in TSG at that time. So, even if individual members of TSG had

11

been named as defendants in the underlying complaint, it would not have benefited him personally in terms of being able to challenge the injunction.

With respect to that critical issue, the record is clear appellant has had every opportunity to defend himself against the injunction due to the procedures adopted by the OCDA in this case. Before the OCDA's office attempted to enforce the injunction against appellant, it served him with notice of its request for a predeprivation hearing to adjudicate his gang status. This allowed appellant to appear in court through counsel and challenge the underlying validity of the injunction on legal grounds. Appellant will also have the opportunity to challenge the injunction from a factual perspective at the predeprivation hearing, where the onus will be on the OCDA to prove by clear and convincing evidence he is an active participant in TSG. (See *People v. Englebrecht* (2001) 88 Cal.App.4th 1236, 1256.) Therefore, appellant cannot credibly complain about not being allowed to have his day in court.

As far as due process is concerned, it is also important to keep in mind that fairness is an important consideration in deciding whether a particular group may be sued as an unincorporated association under Code of Civil Procedure 369.5. As we have noted, courts must not only consider whether the group's members share a common purpose, but whether "fairness requires the group be recognized as a legal entity. *Fairness includes those situations where persons dealing with the association contend their legal rights have been violated.* [Citation.]" (*Barr, supra,* 90 Cal.App.3d at pp. 267-268, italics added.)

In this case, the OCDA sought injunctive relief on the grounds that TSG has violated the right of certain Santa Ana citizens to live safely in their own homes and go about their daily affairs free of violence, intimidation and harassment. Fairness dictates that TSG be held accountable for any transgressions of these basic human rights. Accordingly, we find TSG was properly named as a defendant in this case, and due process was not offended by the absence of additional defendants.

12

## DISPOSITION

The trial court's order denying appellant's motion to dissolve the injunction against TSG is affirmed.


                                        BEDSWORTH, ACTING P. J.


WE CONCUR:


SANCHEZ, J.


MARKS, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.